IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SERGEI KOVALEV** : | | **CIVIL ACTION** |
| *Plaintiff* : | | |
| : | | **NO. 22-1217** |
| **v.** : | | |
| : | | |
| **WALMART INC.,** *et al.* : | | |
| *Defendants* : | | |
| : | | |

NITZA I. QUIÑONES ALEJANDRO, J.                                                                                             OCTOBER 11, 2022

## MEMORANDUM OPINION

**INTRODUCTION**

　　　　This matter arises out of an incident at a Walmart retail store where an unnamed customer hit Plaintiff Sergei Kovalev ("Plaintiff"), also a customer, with her shopping cart while Plaintiff waited in a checkout line.  Plaintiff alleges that Defendants Walmart Inc., Wal-Mart Stores East, Inc., and Wal-Mart Stores East, LP (collectively, "Walmart"), are liable to him for his injuries on account of Walmart's negligence and violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law.  Presently, before this Court is Walmart's motion to dismiss in which Walmart argues that Plaintiff has failed to allege facts sufficient to assert any viable claims.  Plaintiff opposes the motion.  For the reasons set forth herein, Walmart's motion to dismiss is granted, *in part*, and denied, *in part*.

**BACKGROUND**

　　　　When considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009).  Here, the salient facts alleged in Plaintiff's complaint are summarized as follows:

On February 10, 2020, while Plaintiff was standing in a check-out line at the Walmart Supercenter located at 2200 Wheatsheaf Lane, Philadelphia, a customer behind Plaintiff started hitting him with her shopping cart, while shouting "move the line." This other customer was accompanied by two companions, one female and one male. As a result of the customer's conduct, Plaintiff suffered "blunt force injuries," including, "severe mental trauma, psychological torment and severe distress." At the time, there were no security personnel present in the check-out area.

Prior to and while Plaintiff was being struck by the other customer's shopping cart from behind, no Walmart employee or any security personnel provided by Walmart's security contractor, Defendant Brosnan Risk Consultants, Ltd. ("Brosnan"), provided any safety or security measures. In addition, though observing the incident via real-time video surveillance in a security room located several feet away, neither Walmart security employees nor Brosnan's security personnel attempted to protect Plaintiff or prevent the attacks against him.

**LEGAL STANDARD**

When considering a Rule 12(b)(6) motion to dismiss, courts must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard requires more than a "sheer possibility that a defendant has acted unlawfully." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* To survive a motion to dismiss under Rule 12(b)(6), "a plaintiff must allege facts sufficient to 'nudge [her] claims across the line from conceivable to plausible.'" *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 570).

At the motion to dismiss stage, courts "typically may not look outside the four corners of the amended complaint." *W. Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank*, 712 F.3d 165, 173 (3d Cir. 2013). However, courts may consider "documents that are attached to or

submitted with the complaint, and any 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.'" *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (quoting 5B Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. § 1357 (3d ed. 2004)).

**DISCUSSION**

Plaintiff asserts claims for assault and battery (Count I), negligence (Count II), gross negligence (Count III), negligent infliction of emotional distress (Count IV), reckless endangerment (Count V), negligence *per se* (Count VI), civil conspiracy (Count VII), and unfair trade practices (Count VIII), and makes demands for punitive damages and injunctive relief. Walmart moves to dismiss each of these claims and demands. This Court will address each separately.

*Assault and Battery (Count I)*

At Count I, Plaintiff asserts a claim for assault and battery against Walmart premised on his allegation that another customer hit Plaintiff with her shopping cart while he waited in a checkout line. Walmart argues that this claim must be dismissed because Plaintiff has not alleged any facts or any legal theory under which Walmart could be liable for these intentional torts. This Court agrees.

Under Pennsylvania law, an assault is "an intentional attempt by force to do injury to the person of another and a battery is committed whenever the violence menaced in an assault is actually done, though in ever so small a degree, upon the person." *Renk v. City of Pittsburgh*, 641 A.2d 289, 293 (Pa. 1994). "An assault requires both the actor's intent to place the individual in imminent apprehension of harmful or offensive contact and the individual's actual imminent apprehension." *Glass v. City of Phila.*, 455 F. Supp. 2d 302, 365–66 (E.D. Pa. 2006). A battery,

3

on the other hand, occurs when "a person 'acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such contact, and . . . a harmful contact with the person of the other directly or indirectly results.'" *Szydlowski v. City of Phila.*, 134 F. Supp.2d 636, 639 (E.D. Pa. 2001) (citations omitted).

Here, Plaintiff has not alleged any facts to support either an intentional attempt by Walmart to cause Plaintiff physical injury or fear of physical injury or any harmful contact by Walmart. Plaintiff's assault and battery claims against Walmart are premised merely on his allegation that Walmart is somehow liable for these intentional torts of others on account of its status as the owner/operator of the store in which Plaintiff was allegedly assaulted by another customer. Such allegations are insufficient to assert assault and battery against Walmart. As such, Walmart's motion to dismiss Count I is granted.[1]

### *Negligence—Failure to Provide Adequate Security, Failure to Protect, and Failure to Give Adequate Warning (Count II)*

At Count II, Plaintiff asserts a claim for negligence premised on Walmart's alleged failure to provide adequate security, failure to protect, and failure to give adequate warning. It appears Plaintiff intends to assert this claim against Walmart as a "possessor of land" under the Restatement (Second) of Torts (the "Restatement") § 344. Walmart argues that Plaintiff has failed to allege facts sufficient to place Walmart on the requisite notice to have required any action on the part of Walmart to prevent Plaintiff's purported assault by another customer. Accepting Plaintiff's alleged facts as true, as this Court must at this stage in the proceedings, this Court disagrees with Walmart.

---

[1] To the extent Plaintiff intended to assert a claim holding Walmart liable for the intentional acts of its customers, such claims are more appropriately asserted as claims for negligence under the Restatement (Second) of Torts § 344, which has been adopted in Pennsylvania. Such claims are addressed in the analysis of Count II.

4

Under Pennsylvania law, to assert a claim for negligence, a plaintiff must plead facts sufficient to plausibly show four elements: "(1) a duty or obligation recognized by the law, requiring the actor to conform to a certain standard of conduct for the protection of others against unreasonable risks; (2) a failure to conform to the standard required; (3) a causal connection between the conduct and the resulting injury; and (4) actual loss or damage resulting in harm to the interests of another." *Nw. Mut. Life Ins. Co. v. Babayan*, 430 F.3d 121, 139 (3d Cir. 2005). "The standard of care a possessor of land owes to one who enters upon the land depends upon whether the person entering is a trespasser, licensee, or invitee." *Carrender v. Fitterer*, 469 A.2d 120, 123 (Pa. 1983). Here, Plaintiff's theory is that Walmart owes him a duty as a business invitee. A business invitee is "a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land." *Palange v. City of Philad. L. Dep't*, 640 A.2d 1305, 1308 (Pa. Super. Ct. 1994); Restatement (Second) of Torts § 332(3) (Am. Law Inst. 1965). The standard of care towards a business invitee is "the highest duty owed to any entrant upon the land." *Treadway v. Ebert Motor Co.*, 436 A.2d 994, 998 (Pa. Super. Ct. 1981); *see also Glass v. Freeman*, 240 A.2d 825, 829 (Pa. 1968) (explaining the heightened standard of care owed to business invitees). Because Plaintiff has alleged that he was Walmart's customer at the time of the incident, he was a business invitee.

As noted, it appears Plaintiff seeks to recover under the theory of liability created by § 344 of the Restatement. Section 344 provides:

> A possessor of land who holds it open to the public for entry for his business purposes is subject to liability to members of the public while they are upon the land for such a purpose, for physical harm caused by the accidental, negligent, or intentionally harmful acts of third persons or animals, and by the failure of the possessor to exercise reasonable care to (a) discover that such acts are being done or are likely to be done, or (b) give warning adequate to enable the visitors to avoid the harm, or otherwise to protect them against it.

5

Restatement (Second) of Torts § 344 (1965). As its language makes clear, § 344 applies specifically to business invitees who suffer harm caused by third persons or the negligence of possessors of land. Comment f to § 344 provides that while a possessor of land is not an insurer of his patrons, "[i]f the place or character of his business, or his past experience, is such that he should reasonably anticipate careless or criminal conduct on the part of third persons, either generally or at some particular time, he may be under a duty to take precautions against it, and to provide a reasonably sufficient number of servants to afford a reasonable protection." *Id.* § 344 cmt. f. Section 344 of the Restatement and its comment f have long been the law of Pennsylvania. *See Moran v. Valley Forge Drive-In Theater, Inc.*, 246 A.2d 875, 878 (Pa. 1968).

As noted above, Plaintiff has alleged facts showing that he was a business invitee and that his harm was caused by a third party. As such, the viability of Plaintiff's negligence claims turns on whether he has alleged facts sufficient to plausibly show that Walmart had reason to anticipate the tortious conduct of its customers towards other customers standing in checkout lines such that Walmart had a "duty to take precautions against it, and to provide a reasonably sufficient number of servants to afford a reasonable protection." *See* Restatement (Second) of Torts § 344 cmt. f (Am. Law Inst. 1965).

With respect to Walmart's notice, Plaintiff has alleged the following:

> 101. Walmart stores have thousands of complaints every year about assault and battery inflicted against customers by other customers.
>
> 102. Walmart stores in Philadelphia also have multitudes of complaints every year about assault and battery inflicted against customers by other customers.
>
> 103. Walmart store that Plaintiff visited on February 10, 2020, and where he was attacked also has multitudes of complaints every year about assault and battery inflicted against customers by other customers.

>                                    ***
> 106.  The Walmart's store in question (where Plaintiff was attacked), very often, and especially at the evening time, has enormous number of customers waiting in check-out lines, as it was on the day when Plaintiff was assaulted and injured.
>
> 107.  Moreover, it was known to Walmart's management, and it was foreseeable, that attacks against customers are usually happening in check-out lines of Walmart stores.

(Compl., ECF 1, ¶¶ 101–03, 106–07).  At this stage, these alleged facts, which this Court must accept as true, are sufficient to have placed Walmart on the requisite notice to trigger the duty to take reasonable precautionary measures to prevent the conduct alleged in the complaint.  As such, Walmart's motion is denied with respect to Count II (negligence).[2]

### *Gross Negligence (Count III)*

At Count III, Plaintiff asserts a claim for "gross negligence."  As argued by Walmart, "there is no separate cause of action under Pennsylvania law for gross negligence."  *Spence v. ESAB Group, Inc.*, 623 F.3d 212, 215 n.2 (3d Cir. 2010); *see also Floyd v. Brown & Williamson Tobacco Corp.*, 159 F. Supp. 2d 823, 828 (E.D. Pa. 2001) (dismissing separately pleaded claim for gross negligence).  Therefore, Walmart's motion to dismiss Count III is granted, and Plaintiff's claim for gross negligence (Count III) is dismissed.

---

[2]  Walmart also baldly argues, without any legal support, that Plaintiff has failed to allege facts sufficient to meet his pleading burden with respect to causation and damages.  To the contrary, Plaintiff alleges that he suffered "blunt force injuries," "severe mental trauma, psychological torment and severe distress." (Compl., ECF 1, ¶ 48).  He has also alleged enough facts from which one can reasonably infer, at this stage, that his injuries were caused by Walmart's failure to take adequate precautionary measures, as required under § 344.  Accordingly, Walmart's motion to dismiss Count II (negligence) is denied.

This Court notes that the cases cited by Walmart in support of its pleading challenges were decided at the summary judgment or post-trial stages; not the motion to dismiss stage where Plaintiff's alleged facts must be accepted as true.

### *Negligent Infliction of Emotional Distress (Count IV)*

At Count IV, Plaintiff asserts a claim for negligent infliction of emotional distress ("NIED"), premised again on Walmart's breach of its duty to take precautionary measures to prevent customer on customer assaults in its checkout lines. Defendant argues that Plaintiff's allegations do not satisfy the narrow requirements of NIED claims under Pennsylvania law and that there is no legal basis under Pennsylvania law to impose vicarious liability on a retail store for injuries inflicted by a third party. This Court agrees.

Pennsylvania courts have recognized claims for NIED in four distinct circumstances. A plaintiff must allege facts to plausibly show that (1) the defendant "had a contractual or fiduciary duty toward him," (2) the plaintiff "suffered a physical impact," (3) the plaintiff "was in a 'zone of danger' and at risk of an immediate physical injury," or (4) the plaintiff "had a contemporaneous perception of tortious injury to a close relative." *Doe v. Phila. Cmty. Health Alts. Aids Task Force*, 745 A.2d 25, 27 (Pa. Super. Ct. 2000), *aff'd*, 767 A.2d 548 (Pa. 2001). A plaintiff must also plead severe emotional distress. *Id.*

In *Toney v. Chester County Hospital*, the Supreme Court of Pennsylvania split evenly as to whether to allow NIED claims based on contractual or fiduciary duties but absent a physical impact. *See* 36 A.3d 83 (Pa. 2011). The leading opinion in *Toney*, written by the late Honorable Justice Max Baer, concluded that claims premised on such "special relationships" do not require a physical impact. *Id.* at 85.[3] However, as Justice Baer further explained:

---

[3] While *Toney* is not binding precedent, federal and state courts have consistently looked to Justice Baer's opinion as persuasive authority on the scope of this tort under Pennsylvania law. *See, e.g., Snyder v. West Penn Allegheny Health Sys.*, 2014 Pa. Dist. & Cnty. Dec. LEXIS 10808, at *4 (Pa. Ct. Com. Pl. Feb. 19, 2014) ("Subsequent Courts have not hesitated to rely upon and apply both the holding of *Toney* and Justice Baer's language and analysis."); *Hershman v. Muhlenberg Coll.*, 17 F. Supp. 3d 454, 460 (E.D. Pa. 2014) ("If the Supreme Court were to permit special relationship NIED claims, I predict it would do so by adopting the narrow grounds announced by the lead justices in *Toney*.").

> NIED is not available in garden-variety "breach of contractual or fiduciary duty" cases, but only in those cases where there exists a special relationship where it is foreseeable that a breach of the relevant duty would result in emotional harm so extreme that a reasonable person should not be expected to endure the resulting distress.

*Id.* Such a special relationship must entail "an implied duty to care for the plaintiff's emotional well-being" and cause emotional harm "likely to be experienced as a visceral and devastating assault on the self such that it resembles physical agony in its brutality." *Id.* at 95 (alteration and quotations omitted). Guided by *Toney*, Pennsylvania courts have recognized qualifying special relationships only in extremely limited circumstances. *See MDB v. Punxsutawney Christian Sch.*, 386 F. Supp. 3d 565, 593 (W.D. Pa. 2019) ("Since *Toney*, Pennsylvania courts have only found certain doctor/patient relationships . . . and one between an adoption agency and adoptive parents to support such a claim, declining to extend liability any further."). In contrast, the case law presents an ever-growing list of relationships which have *not* qualified. *See Hershman*, 17 F. Supp. 3d at 460 n.8 (listing cases in which a qualifying special relationship has not been found).[4] Notably, Plaintiff has not identified, and this Court is unaware of, any Pennsylvania cases holding a retail store liable for negligent infliction of emotional distress premised on an injury to a customer directly caused by another customer. In the absence of any such applicable or guiding caselaw,

---

[4] *See Black v. Cmty. Educ. Ctrs., Inc.*, 2014 WL 859313 (E.D. Pa. Mar. 4, 2014) (no NIED liability in employer/employee relationship); *Hawkins v. Fed. Nat. Mortgage Ass'n*, 2014 WL 272082 (E.D. Pa. Jan. 23, 2014) (no NIED liability in lender/borrower relationship); *Yarnall v. Philadelphia Sch. Dist.*, 2013 WL 5525297 (E.D. Pa. Oct. 7, 2013) (no NIED liability between a union and its members); *Grimaldi v. Bank of Am.*, 2013 WL 1050549 (M.D. Pa. Mar. 14, 2013) (no NIED liability in lender/borrower relationship); *Okane v. Tropicana Entm't, Inc.*, 2013 WL 56088 (E.D. Pa. Jan. 3, 2013) (no NIED liability in casino/patron relationship); *Emekekwue v. Offor*, 2012 WL 1715066 (M.D. Pa. May 15, 2012) (no NIED liability between ethnic group organization and one of its members); *Shulick v. United Airlines*, 2012 WL 315483 (E.D. Pa. Feb. 2, 2012) (no NIED liability between an airline and its passengers); *Weiley*, 51 A.3d at 218 (no special relationship between decedent's son and the hospital where father died); *Trotta v. Luckinbill*, 2014 WL 353817 (C.P. Lycoming Jan. 13, 2014) (no NIED liability in contractor/building owner relationship); *Healey v. Fargo*, 2012 WL 994564 (C.P. Lackawanna Mar. 20, 2012) (no NIED liability in lender/borrower relationship).

this Court is not inclined to extend what has otherwise been a limited cause of action in Pennsylvania. Accordingly, Walmart's motion to dismiss Count IV is granted, and Plaintiff's negligent infliction of emotional distress claim (Count IV) is dismissed.

### *Reckless Endangerment (Count V)*

At Count V, Plaintiff asserts a claim for "reckless endangerment." As argued by Walmart, there is no civil cause of action for reckless endangerment. Reckless endangerment is a criminal charge set forth in Pennsylvania's criminal statutes. *See* 18 Pa. Con. Stat. § 2705. Indeed, Plaintiff cites to this criminal statute as the support for his cause of action. Section 2705, however, provides no civil cause of action. Accordingly, Walmart's motion to dismiss Count V is granted, and Plaintiff's claim for reckless endangerment is dismissed.

### *Negligence Per Se (Count VI)*

At Count VI, Plaintiff asserts a claim for "negligence *per se*." As argued by Walmart, negligence *per se* is not an independent cause of action under Pennsylvania law, but rather a theory of liability. *See In re Rutter's Inc. Data Sec. Breach Litig.*, 511 F. Supp.3d 514, 531 (E.D. Pa. 2021) (citing and discussing cases). Therefore, Walmart's motion to dismiss Count VI is granted, and Plaintiff's claim for negligence *per se* is dismissed.

### *Civil Conspiracy (Count VII)*

At Count VII, Plaintiff asserts a civil conspiracy claim premised on the same conduct underling his negligence claim. Specifically, and as clarified in his response, Plaintiff asserts that Walmart engaged in a conspiracy with its security contractor, Defendant Brosnan Risk Consultants, Ltd., to essentially deprive Plaintiff of security and protection. Walmart argues that Plaintiff has not alleged facts sufficient to plausibly state a claim for civil conspiracy. This Court agrees.

Under Pennsylvania law, to assert a viable claim for civil conspiracy, a plaintiff must allege facts sufficient to plausibly show: "(1) a combination of two or more persons acting with a common purpose to do an unlawful act by unlawful means or for an unlawful purpose; (2) an overt act done in furtherance of the common purpose; and (3) actual legal damage." *Gen. Refractories Co. v. Fireman's Fund Ins. Co.*, 337 F.3d 297, 313 (3d Cir. 2003) (quoting *Strickland v. Univ. of Scranton*, 700 A.2d 979, 987–88 (Pa. Super. Ct. 1997)); *see also Skipworth by Williams v. Lead Indus. Ass'n, Inc.*, 690 A.2d 169, 174 (Pa. 1997). In addition, "absent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act." *McKeeman v. Corestates Bank, N.A.*, 751 A.2d 655, 660 (Pa. Super. Ct. 2000). "Strict liability and negligence counts are insufficient to support [a] civil conspiracy claim." *Goldstein v. Phillip Morris, Inc.*, 854 A.2d 585, 590 (Pa. Super. Ct. 2004).

Here, Plaintiff's civil conspiracy claim is premised on the same allegations as his negligence claim. He has not alleged any "separate underlying intentional or criminal act" against Walmart that could serve as the underlying predicate for his civil conspiracy claim. *Id.* Therefore, Walmart's motion to dismiss Count VII is granted, and Plaintiff's civil conspiracy claim is dismissed.

### *Unfair Trade Practices (Count VIII)*

At Count VIII, Plaintiff asserts a claim under Pennsylvania's Unfair Trade Practices and Consumer Protection Law (the "UTPCPL"), 73 Pa. Con. Stat. § 201-1 *et seq.*, premised on the same factual allegations as his negligence claims. Walmart argues that Plaintiff has not alleged the requisite facts, particularly loss of money or property, to maintain a claim under the UTPCPL. This Court agrees.

The UTPCPL provides that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce as defined by . . . this act . . . are hereby declared unlawful." *Id.* at § 201-3.  The statute "is designed to protect the public from fraud and deceptive business practices." *In re Rutter's*, 511 F. Supp. 3d at 540 (citing *Pirozzi v. Penske Olds-Cadillac-GMC, Inc.*, 605 A.2d 373, 375 (Pa. Super. Ct. 1992)).  It provides a private right of action for "[a]ny person who purchases . . . goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property" because of the seller's unfair or deceptive practices.  73 Pa. Con. Stat. § 201-9.2(a).  A plaintiff must also allege facts to show that he suffered "an ascertainable loss as a result of the defendant's prohibited action." *Weinberg v. Sun Co.*, 777 A.2d 442, 446 (Pa. 2001).  "To allege an ascertainable loss, the plaintiff 'must be able to point to money or property that he would have had but for the defendant's fraudulent actions.'" *Riviello v. Chase Bank USA, N.A.*, 2020 WL 1129956, at *3 (M.D. Pa. Mar. 4, 2020) (quoting *Benner v. Bank of Am., N.A.*, 917 F. Supp. 2d 338, 359 (E.D. Pa. 2013)).  These damages must be identifiable and "cannot be speculative." *Jarzyna v. Home Props., L.P.*, 185 F. Supp. 3d 612, 626 (E.D. Pa. 2016), *aff'd*, 783 F. App'x 223 (3d Cir. 2019).

Here, as noted, Plaintiff asserts that he suffered physical or emotional injuries due to the conduct of another customer while shopping at one of Walmart's stores.  He does not allege that he purchased any goods or services from Walmart or that he suffered any "ascertainable loss of money or property" because of Walmart's deceptive or wrongful practices.  Accordingly, Walmart's motion to dismiss Count VIII is granted, and Plaintiff's UTPCPL claim is dismissed.

### *Punitive Damages*

Throughout the complaint, Plaintiff requests punitive damages for each of his claims. Pennsylvania has adopted the principles of the Restatement § 908(2), which governs punitive

12

damages. *Chuy v. Phila. Eagles Football Club*, 595 F.2d 1265, 1277 (3d Cir. 1979); *McDaniel v. Merck, Sharp & Dohme*, 533 A.2d 436, 447 (Pa. Super. Ct. 1987). Section 908(2) provides:

> Punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others. In assessing punitive damages, the trier of fact can properly consider the character of the defendant's act, the nature and extent of the harm to the plaintiff that the defendant caused or intended and the wealth of the defendant.

*Id.* To sustain a request for punitive damages, the pleadings must allege facts sufficient to demonstrate evil motive or reckless indifference to the rights of others. *McDaniel*, 533 A.2d at 447–48. Here, Plaintiff contends that Walmart was negligent in failing to undertake sufficient precautions to prevent its customers from assaulting other customers while standing in checkout lines. These facts simply do not support any evil motive or reckless indifference to the rights of others. As such, Plaintiff's demands for punitive damages are dismissed.

### *Injunctive Relief*

Throughout his complaint, Plaintiff also makes vague references to a demand for injunctive relief. Plaintiff, however, has provided no legal basis under his remaining negligence claim for injunctive relief. As such, Plaintiff's demand for injunctive relief is dismissed.

**CONCLUSION**

For the reasons set forth above, Walmart's motion to dismiss is granted with respect to all of Plaintiff's claims, except that for negligence (Count II). An Order consistent with this Memorandum Opinion follows.

*NITZA I. QUIÑONES ALEJANDRO*, J.